**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ACE BEGONIAS INC., | ) | CASE NO. 19-31430 (AMN) |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for | ) | |
| ACE BEGONIAS INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 21−03006 AMN |
| | ) | |
| WELLS FARGO BANK, N.A. d/b/a WELLS | ) | |
| FARGO CARD SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE**

The undersigned submits this statement pursuant to the Court's Order to Show Cause, dated November 23, 2022 [ECF No. 43]. The undersigned sincerely apologizes to the Court and to Attorney Tara Lynn Trifon for his failure to appear at the virtual pre-trial conference held on November 22, 2022. The undersigned missed the conference due to a calendaring error. Specifically, when the undersigned entered the date of the pre-trial conference into his calendar, he mistakenly entered it as November 22, 202**3**. Attached as Exhibit A hereto is a screenshot of the inaccurate calendar entry. As a result of this embarrassing mistake, the undersigned did not realize the conference was occurring when it did.

The day before the conference occurred, the undersigned was in communication with Attorney Trifon concerning the Court's deadline to file a Rule 9019 motion by 4 p.m. on November 21, 2022. Six days in advance of that deadline, the undersigned: (1) emailed Attorney

Trifon to let her know that her proposed settlement agreement was acceptable, (2) requested that Attorney Trifon "let [him] know when [her] client has signed;" and (3) prepared a Rule 9019 motion to be filed once the settlement agreement was executed. If Attorney Trifon returned the signed settlement agreement timely, the parties would have met the Court's deadline. However, Attorney Trifon did not respond to the undersigned's email until 1:01 p.m. on November 21, 2022 – less than three hours before the Court's deadline. When she did respond, Attorney Trifon informed the undersigned, for the first time, that her client wouldn't sign the agreement unless the Trustee signed it first. Given that Attorney Trifon had drafted the settlement agreement and that her client had approved it, the undersigned assumed it would not take Attorney Trifon long to obtain a signature and was not worried about the timing. However, less than three hours before the Court's deadline, Attorney Trifon indicated that she needed another three weeks to get her client's signature, despite having had a client-approved final draft for a week. Attorney Trifon suggested that we file a motion seeking such an extension and, after further correspondence, Attorney Trifon agreed that she would file that motion with the Court.

During this exchange, which occurred the day before the pre-trial conference, Attorney Trifon made no mention of the November 22, 2022 conference. While Attorney Trifon was under no obligation to remind the undersigned of the scheduled court appearance, the undersigned mentions this to assure the Court that the undersigned's actions were not intentional. The undersigned would never intentionally fail to appear at a proceeding scheduled by this Court or any other. The November 21, 2022 deadline to file a 9019 motion did properly appear in the undersigned's calendar, but as a result of the above mentioned calendaring error, the pretrial

2

conference on the following day <u>did not</u> appear in the undersigned's calendar.[1]  As such, the undersigned mistakenly believed that Attorney Trifon's motion had addressed the immediate obligations and that the next step was for the Court to either grant additional time or schedule this matter for trial.

When the Court entered the present Order to Show Cause, the undersigned was dismayed to learn that he had missed the pre-trial conference.  The undersigned was particularly disappointed in himself, as this is now the third time in his seven years of practice before this Court that the undersigned has missed a pretrial conference.  The first occurrence was on January 11, 2022 in the present adversary proceeding, when the undersigned fell ill from COVID-19.  A fever-induced sleep caused the undersigned to be absent from that pretrial conference.  Although attempts were made to contact him and have him login to the proceeding, those attempts were unsuccessful due to the undersigned medical condition at the time.  The second occurrence was one week later, on January 18, 2022, in a different adversary proceeding (Adv. Pro. No. 21-03007).  That occurred as a result of a misunderstanding as to whether the pre-trial conference had been marked off.   <u>See</u> Doc. # 60 in Adv. Pro. No. 21-03007.

The undersigned is responsible for ensuring his own attendance at court proceedings.  The undersigned, however, does wish that Attorney Trifon had extended him the professional courtesy of contacting him when she saw that he did not login to the hearing.  Attorney Trifon has the undersigned's cell phone number and, if she had called or texted, the undersigned would have immediately responded and logged into the zoom conference.  The undersigned has

---

[1] Looking back, the undersigned believes these two calendar entries were inputted at different times.  The pretrial conference was scheduled by the Court's September 23, 2022 order [Doc. 35], while the deadline to file the motion was imposed by the Court's October 24, 2022 order [Doc. 39].

extended this professional courtesy to countless attorneys over the years who have made similar calendaring errors.

      Nonetheless, the undersigned takes full responsibility for missing the November 22, 2022 pretrial conference and is prepared, with or without an order from this Court compelling the same, to reimburse the defendant the reasonable costs its incurred to have Attorney Trifon attend the pre-trial conference. The undersigned is not currently aware of Attorney Trifon's hourly rate, but if so informed, the undersigned will bring a check to the December 14, 2022 hearing or mail a check to Attorney Trifon's office.

      Dated at Trumbull, Connecticut on this 9th day of December, 2022.

      By: /s/ David C. Shufrin
      David C. Shufrin, Esq. [ct29230]
      SHUFRIN LAW GROUP, LLC
      33 Whitney Avenue
      Trumbull, CT 06611
      Tel: 203-307-5001
      David@shufrinlaw.com

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on the date set forth below a copy of the foregoing was served by CMECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date: December 9, 2022

                /s/ David C. Shufrin
                David C. Shufrin

# EXHIBIT A

