# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>   ACE BEGONIAS INC.,<br><br>   DEBTOR. | CHAPTER 7<br><br>CASE NO. 19-31430 (AMN) |
| BONNIE C. MANGAN, Chapter 7 Trustee for ACE BEGONIAS, INC.<br><br>   PLAINTIFF,<br><br>v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO CARD SERVICES,<br><br>   DEFENDANT | ADV. PRO. NO. 21-03006(AMN)<br><br><br><br><br><br>DECEMBER 13, 2022 |

## WELLS FARGO BANK, N.A.'S RESPONSE TO THE STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE

Wells Fargo Bank, N.A. ("Wells Fargo") hereby responds to Attorney Shufrin's comments directed at undersigned counsel in the Statement in Response to Order to Show Cause (the "Statement"), filed on December 9, 2022. *See* ECF No. 45. At bottom, Attorney Shufrin's frustration directed at Wells Fargo and/or undersigned counsel is entirely misplaced.

In the Statement, Attorney Shufrin first argues that if Wells Fargo "returned the signed settlement agreement timely, the parties would have met the Court's deadline." *Id*., p. 2. Attorney Shufrin further claims that Wells Fargo had approved the agreement, apparently

because undersigned counsel's office put the initial draft together. However, this argument ignores the lengthy email correspondence between the parties[1]:

- August 19, 2022: Wells Fargo made offer to settle this matter, and undersigned counsel offered to draft the agreement if the offer was acceptable to the Trustee.

- August 21, 2022: Attorney Shufrin responded that the amount of the settlement was acceptable, but required a 502(h) waiver. Attorney Shufrin also stated that he would draft the agreement.

- September 1, 202: Undersigned counsel confirmed that proposal was acceptable to Wells Fargo, and asked Attorney Shufrin to send the draft agreement.

- September 12, 2022: Undersigned counsel followed up regarding the draft agreement, but did not receive a response.

- September 14, 2022: Undersigned counsel followed up with Attorney Shufrin again. Attorney Shufrin responded that it was on his list of things to do, and that he would provide the draft no later than September 15.

- September 16, 2022: Undersigned counsel followed up again as to the status of the draft and did not receive a response.

- September 22, 2022: The pretrial conference was held and the scheduling order entered.

- September 28, 2022: Undersigned counsel followed up again as to the status of the draft settlement agreement, but did not receive a response.

- October 7, 2022: Undersigned counsel followed up with Attorney Shufrin again, but did not receive a response.

- October 10, 2022: Undersigned counsel followed up again.

- October 12, 2022: Attorney Shufrin responded that undersigned counsel should "put together a draft yourself if you are concerned about timing."

---

[1] Undersigned counsel has not attached a copy of these emails, but will make them available at the hearing scheduled for December 14, 2022.

- 2 -

- October 20, 2022: Undersigned counsel provided the draft to Attorney Shufrin and stated that "it remains subject to [Wells Fargo's] review." Undersigned counsel also noted that a motion to extend the deadline to file the motion to approve the settlement would be required and asked whether Attorney Shufrin would be drafting the motion.

- October 21, 2022: Attorney Shufrin had not responded to the October 20 email, so undersigned counsel followed up again, at which time Attorney Shufrin consented to the extension of time to file the motion for approval of the settlement.

- November 2, 2022: After the extension was granted, undersigned counsel followed up with Attorney Shufrin regarding his review of the draft agreement, but did not receive a response.

- November 10, 2022: Undersigned counsel followed up with Attorney Shufrin again stating that the deadline to file the motion to approve the settlement was fast approaching and that she still needed time for Wells Fargo to review/sign the agreement after Attorney Shufrin provided comments. Undersigned counsel did not receive a response to this email.

- November 14, 2022: Undersigned counsel followed up again. In relevant part, undersigned counsel stated that "[w]e still have not heard from you. I don't want to get the court involved, but we're now a week away from our deadline to file the motion and we still don't have your comments on the settlement agreement."

- November 15, 2022: Attorney Shufrin responded in the afternoon that he had no changes to the draft agreement.

- November 21, 2022: Wells Fargo approved the agreement, and undersigned counsel informed Attorney Shufrin that once the agreement was signed by the Trustee, Wells Fargo would execute the document as well. While Attorney Shufrin now expresses surprise at this requirement, it is simply because the logistics of execution were not previously discussed, not because Wells Fargo was trying to introduce a new substantive requirement as the Statement seems to suggest. Undersigned counsel sent Attorney Shufrin three additional emails on November 21 regarding the motion for extension of time to file the motion to approve the settlement. Attorney Shufrin responded at 5:03 p.m. that he consents to the extension.

- December 9, 2022: Between November 21 and December 9, Attorney Shufrin did not contact undersigned counsel. On December 9, he provided the settlement agreement executed by the Trustee and filed the Statement.

Not only does the correspondence make it clear that Wells Fargo did not approve the settlement until November 21, 2022, but that any delay in getting the agreement drafted or executed was caused by Attorney Shufrin and/or the Trustee, not Wells Fargo.

The claim that undersigned counsel needed three weeks for Wells Fargo to sign the agreement is also inaccurate. On November 21, 2022, undersigned counsel sent an email to Attorney Shufrin asking that the Trustee to execute the settlement agreement first and stating that a motion for extension of the deadline for the Trustee to file the motion for approval would be needed. Undersigned counsel stated that she thinks the motion for approval of the agreement would be ready for filing within two weeks, but suggested that the parties ask for three weeks due to the Thanksgiving holiday. In addition, three weeks does not seem egregious given Attorney Shufrin's non-responsiveness. Indeed, the settlement agreement was not drafted for seven weeks after the parties agreed to the terms due to Attorney Shufrin's delay, and given that it took Attorney Shufrin almost four weeks to review the draft agreement and confirm that there were no further changes.

Attorney Shufrin points out that undersigned counsel did not explicitly mention the November 22 conference in her correspondence relating to the settlement agreement and motion for extension of time. However, the date of the conference was specifically referenced in the motion for extension of time to file the motion to compromise. *See* ECF No. 40, ¶ 6.

Lastly, Attorney Shufrin expresses his disappointment that undersigned counsel did not contact him to see that he had not logged in to the hearing. However, undersigned counsel did not know Attorney Shufrin was not present until the proceedings started as undersigned counsel

- 5 -

was in the Court's virtual waiting room. Undersigned counsel learned that Attorney Shufrin had failed to appear when informed by Judge Nevins, and not before. While undersigned counsel gladly extends professional courtesies to fellow members of the bar, she can only do so when she is aware of the situation. Attorney Shufrin's attempt to shift the blame to undersigned counsel for his scheduling error is simply inappropriate.

Since September 12, 2022, undersigned counsel has spent 3.3 hours trying to get this matter finalized due to Attorney Shufrin's non-responsiveness. Undersigned counsel's rate is $400 an hour, thereby costing Wells Fargo a total of $1,320; of that amount, $320 was incurred to attend the November 22 conference. In addition, undersigned counsel received help from an associate, particularly to draft the settlement agreement after Attorney Shufrin failed to do so. That associate, Stephen Humeniuk, has billed 5.1 hours since September 1, 2022 at a rate of $285, for a total of $1,453.50. Thus, since September 1, 2022, Wells Fargo has spent $2,773.50 in attorney fees trying to finalize this settlement.

.

           **WELLS FARGO BANK, N.A.**

By:     */s/ Tara L. Trifon*
          Tara L. Trifon (ct28415)
          Locke Lord LLP
          20 Church Street, 20th Floor
          Hartford, Connecticut
          Telephone: (860) 525-5065
          Facsimile:(860) 527-4198
          E-mail: tara.trifon@lockelord.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 13, 2022 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

                          */s/ Tara L. Trifon*
                          Tara L. Trifon