UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In Re:<br>    ACE BEGONIAS INC.<br>        *Debtor* | Case No. 19-31430 (AMN)<br>Chapter 7 |
| BONNIE C. MANGAN,<br>CHAPTER 7 TRUSTEE<br>        *Plaintiff*<br>v.<br>WELLS FARGO BANK, N.A.,<br>D/B/A WELLS FARGO<br>CARD SERVICES<br>        *Defendant* | Adv. Proc. No. 21-03006 (AMN)<br><br><br><br><br>Re: AP-ECF No. 43 |

## **AMENDED ORDER IMPOSING SANCTIONS**[*]

On November 23, 2022, the court entered an Order to Show Cause directing Attorney David Shufrin to appear and show cause why the plaintiff should not be non-suited for his failure to appear at the Pre-Trial Conference held on November 22, 2022, which was held virtually on the ZoomGov platform, and why Attorney Shufrin should not be required to reimburse the defendant for defendant's counsel's cost of attending the November 22, 2022, Pre-Trial Conference. AP-ECF No. 43. A show cause hearing was held on December 14, 2022, at which the court allowed the parties time to file additional information. AP-ECF No. 47.

In response, Attorney Shufrin filed a sealed statement claiming he had mis-calendared the date and explaining some personal circumstances leading to that result. AP-ECF No. 56. Defendant's counsel filed a document showing her time records and seeking reimbursement of $2,941.48 of attorney's fees for the following items:

---

[*] The only change in this Amended Order is the spelling of Attorney Trifon's name in footnote 1.

| Date | Attorney | Description | Hours | Value |
|---|---|---|---|---|
| 11/22/22 | TLT[1] | Attend pretrial conference with court regarding the settlement agreement | 0.80 | $320.00 |
| 12/14/22 | TLT | Expense of trip of 12/14/22, travel to BK Court re: Hearing on Rule to Show cause | N/A | $31.31 |
| 12/14/22 | TLT | Expense of trip of 12/14/22, travel from BK Court to office re: Hearing on Rule to Show cause | N/A | $24.32 |
| 12/14/22 | TLT | Expense of trip of 12/14/22, Parking re: attendance at show cause hearing | N/A | $6.35 |
| 12/13/22 | TLT | Draft response to the trustee's statement related to the order to show cause | 1.80 | $720.00 |
| 12/13/22 | SJH | Review and comment concerning Trustee's response to Court's order to show cause | 0.40 | $114.00 |
| 12/14/22 | TLT | Attend hearing on the order to show cause | 3.20 | $1,280.00 |
| 12/15/22 | TLT | Correspondence with client regarding the settlement status and the order to show cause hearing | 0.90 | $360.00 |
| 12/15/22 | SJH | Analysis of issues related to settlement timing and completion | 0.30 | $85.50 |
|  |  |  | Total | $2,941.48 |

AP-ECF No. 62. Attorney Shufrin objected to the amount sought and claims defendant's counsel should be awarded no more than $320 in attorney's fees, limited to her time spent attending the November 22, 2022, hearing. AP-ECF No. 58.

Notably, the December 14, 2022 hearing was scheduled because the court required it, in response to the non-appearance by Attorney Shufrin on November 22, 2022. Counsel for the defendant was required to attend the November 22, 2022 hearing.

---

[1] For these references, "TLT" refers to Attorney Tara L. Trifon who is a partner at Locke Lord and "SJH" refers to Attorney S. J. Humeniuk who is an associate at Locke Lord. AP-ECF No. 62. Attorney Trifon's hourly rate is $400 an hour and Attorney Humeniuk's hourly rate is $285 an hour. AP-ECF No. 46.

*Applicable Law*

Rule 16(f) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding pursuant to Fed.R.Bankr.P. 7016, authorizes a court to "issue any just orders including those authorized by Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii), if a party or its attorney … (A) fails to appear at a scheduling or other pretrial conference … or (C) fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(f)(1). Dismissal of the action, in part or in whole, is an order available under Rule 37(b)(2)(A). In addition to, or instead of, any other sanction, a "court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 16(f)(2). District of Connecticut Local Rule 16(g)(1) similarly authorizes a court to "impose such sanctions as are authorized by law, including without limitation … an order with respect to the imposition on the party or, where appropriate, on counsel personally, of costs and counsel fees" for the failure to appear at a conference. D Conn L Civ R  16(f), made applicable by D.Conn.Bankr.L.R. 1001-1.

"Courts regularly impose sanctions when a party fails to appear for a scheduled conference before the Court." *Am. Exch. Time LLC v. Tissot S.A.*, 2022 WL 17414348, at *3 (S.D.N.Y. Dec. 5, 2022) (awarding attorney's fees under Rule 16(f)(2) for party's failure to participate in a court conference). "Miscalendaring the conference times is and has never been substantial justification." *Del Rio v. 257 SG Pizza Corp.*, 19-CV-3426 (OTW), 2021 WL 1907413, at *2 (S.D.N.Y. Apr. 6, 2021). Similarly, a busy schedule is

not a sufficient excuse.  *See, Armstrong v. Martocchio*, No. 3:18-cv-0580 (RMS), 2020 WL 1140859, at *4 (D. Conn. Mar. 9, 2020).

Further, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

Additionally, ""[i]t is well-established that district courts have inherent power to control their dockets and may impose sanctions." *Atchison, Topeka & Sante Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998) (internal quotation and citation omitted); see also *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44–45, (1991) (noting that "[a] primary aspect of [a court's] discretion [under its inherent powers] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process" and finding that since outright dismissal of a lawsuit is within the court's discretion, a less severe sanction is also within a court's inherent power).

### ***Reasonableness of the Attorney's Fees***

After determining Rule 16(f) sanctions are warranted, a court must determine a reasonable amount of attorney's fees and costs.  "In the Second Circuit, attorney's fees awards are calculated based on the 'presumptively reasonable fee' approach." *McGaffigan v. City of Rochester*, 21-CV-6545-FPG, 2023 WL 415098, at *1 (W.D.N.Y. Jan. 26, 2023).  Under this approach, a court "determines attorneys' fees by 'setting a reasonable hourly rate, taking account of all case-specific variables' and multiplying that

rate by the number of hours expended." *Wachovia Mortg., FSB v. Toczek*, 841 Fed. Appx. 267, 269 (2d Cir. 2021) (*summary order)*.

"The reasonable hourly rate is the rate a paying client would be willing to pay," assuming that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). "[I]n most cases, a reasonable hourly rate is comparable to prevailing rates for attorneys of similar skill, experience, and reputation in the local community." *Wachovia Mortg., FSB v. Toczek*, 841 F. Appx 267, 269 (2d Cir. 2021) (citing *Blum v. Stenson*, 465 U.S. 886, 898–99 (1984)). In *Toczek*, the Second Circuit determined that an hourly rate of $425 was reasonable for a partner handling financial services litigation in the District of Connecticut. *Id.* at 270.

### *Discussion*

Having reviewed all the information provided by the parties, the court finds that Attorney Shufrin does not have a substantial justification for having missed the Pre-Trial Conference on November 22, 2022. As a result, defendant's counsel was required to review and respond to the documents filed in the wake of the court's Order to Show Cause, and to appear at a hearing on December 14, 2022. Attorney Shufrin sought additional time to provide the court with more information, and defendant's counsel was required to monitor, review and respond to that as well. Awarding compensation for the time spent in those activities, as a sanction for failing to appear, is appropriate here.

The court finds the hourly rates of $400 an hour for a partner and $285 an hour for an associate handling this type of matter in this district are reasonable, and Attorney

Shufrin does not provide any evidence to the contrary. Under these circumstances, after review of the time entries and reimbursement sought, the court concludes a sanction in the reduced sum of $2,250.00 is a fair resolution.

Accordingly, it is hereby

**ORDERED**: Attorney Shufrin shall pay counsel for the defendant $2,250.00 using the proceeds of an earned attorney's fee in this matter, once allowed.

Dated this 21st day of February, 2023, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut